IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D.S., I.M., and P.M.,

    Plaintiffs,

v.                                                                                                    CIV 15-0774 RB/KBM

GEO GROUP, INC., CORIZON, INC.,
MARK ELLIOT WALDEN, M.D.,
TIMOTHY B. HATCH, WARDEN, and
SHERRY PHILLIPS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Mark Elliot Walden, M.D.'s Motion to Stay Proceeding. *Doc. 13*. Having reviewed the parties' positions and all pertinent authority, the Court will grant the motion and stay the proceedings in this case.

## BACKGROUND

This case arises from alleged acts of sexual abuse committed by Defendant Walden while he was a medical provider at the Northeast New Mexico Detention Facility ("NNMDF") located in Clayton, New Mexico. *Doc. 1-1* (Complaint) at 1. Plaintiffs alleged that they were inmates at NNMDF subject to Defendant Walden's care. *Doc. 1-1* at 11. Plaintiff D.S. alleges that when he presented to Defendant Walden for treatment of dental issues, Defendant Walden suggested a prostate exam (which D.S. refused) and that Defendant Walden examined his genitals without gloves, squeezing them with enough force to cause significant injury. *Id.* at 11. Plaintiff I.M. alleges that Defendant Walden examined his genitals and performed rectal exams without wearing gloves and administered unnecessary enemas. *Id.* at 11-12. Plaintiff P.M. alleges that when he

1

presented with back pain and possible gall bladder complications, Defendant Walden administered unnecessary rectal exams without wearing gloves. *Id.* at 12. All Plaintiffs allege that Defendant Walden's inappropriate conduct occurred outside the presence of a nurse or other medical professional. *Id.* Defendant Walden denies these allegations. *Doc. 12* (Answer) at 17-9.

Multiple civil cases have been brought against Defendant Walden asserting similar misconduct and, on January 31, 2013, he received a target letter from the United States Department of Justice regarding these allegations. *Doc. 13* (Motion) at 2. At present, the Court assumes that no additional progress has been made in those proceedings as neither party has provided additional information as to the status of those proceedings. In light of this target letter, Defendant Walden argues that he is entitled to a stay of these proceedings so that he may effectively assert his Fifth Amendment privilege against self-incrimination in this case and any related criminal proceedings. *Doc. 13* at 3-4.

Defendant Walden argues that this Court is empowered to enter such a stay pursuant to its authority to manage its own docket and cites district court opinions setting forth factors to consider when the requested stay results from an assertion of the Fifth Amendment privilege. *Id.* at 4. Defendants Corizon and Phillips concur in the relief requested by Defendant Walden and seek a global stay. *Doc. 24.* Plaintiffs oppose it. *Doc. 19.* As explained below, the Court finds that a stay is appropriate at this time.

## ANALYSIS

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Baca v. Berry*, ___ F.3d ____, 2015 WL 7732641, at *4 (10th

Cir. December 1, 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) ("We review a district court's decision to grant or deny a motion to stay proceedings for abuse of discretion.") (citations omitted). This Court's discretion to enter a stay is "well settled," and the Court may stay a case for a litany of reasons, including securing the interests of "economy of time and effort for itself, for counsel, and for [the] litigants." *Baca*, 2015 WL 7732641 at *4 (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir.1963)). These interests were recently brought to the forefront by the rearticulation of Federal Rule of Civil Procedure 1, which states that the civil rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. And they play an even greater role in cases like this, where one party seeks a stay in tandem with constitutional protections.

Still, "[w]hen applying for a stay, a party must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Creative Consumer Concepts*, 563 F.3d at 1080 (citations omitted). This is true even in the case of an asserted Fifth Amendment privilege, as

> [a] litigant in a civil action may unquestionably assert a Fifth Amendment privilege and refuse to reveal information properly subject to the privilege. . . . However, a litigant asserting the privilege may have to accept certain bad consequences that flow from that action. . . . In particular, adverse inferences may be drawn against a party who refuses to testify in response to probative evidence offered against them.

*Sanchez v. Brokop*, 398 F. Supp. 2d 1177, 1183 (D.N.M. 2005) (Smith, M.J.) (citations omitted). Thus, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege[,]" *id.* (citation

3

omitted), and "[t]he Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Id.* (citations omitted).

"When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Id.* (citation omitted). "A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.* In light of these principles, the Tenth Circuit has provided two factors for this Court to consider in deciding whether to grant a stay. The first is the extent to which the issues and evidence in the civil and criminal matters overlap. *Id.* at 1081. The second is the degree to which the Court can actually protect the assertion of privilege, given the procedural posture of the civil case. *Id.*

By way of example, in *Creative Consumer Concepts*, the Tenth Circuit upheld the district court's decision to deny a stay for two reasons: (1) because the civil case had little to do with the alleged criminal conduct (validity of a severance release compared to charges of embezzlement); and, (2) because the defendant raised the privilege after it had been waived at her deposition in the civil case. *Id.* While they are not binding on this Court, the principal cases relied on by Defendants, *Chamberlin v. City of Albuquerque*, CIV 02-603 JB/ACT, Doc. 75, 2003 WL 24130247 (D.N.M. 2005) (unpublished), and *Hilda M. v. Brown*, 2010 WL 5313755, at *4 (D. Colo. 2010) (unpublished), follow these factors and hold in accord with *Creative Consumer Concepts* – albeit reaching the opposite result.

In *Chamberlin*, Judge Browning granted the plaintiff a 60-day stay so that he could resolve the underlying criminal proceedings. 2003 WL 24130247 at *5. While not explicit in Judge Browning's analysis, the facts underlying the civil case were exactly the same as those supporting the criminal charges pending against the plaintiff.[1] *Id.* at *4. The procedural posture of the civil case was also considered. Specifically, in granting the stay, Judge Browning took into consideration the fact that the plaintiff had not yet been deposed. *See id.*

Likewise, in *Hilda M.*, the defendant was granted an indefinite stay of discovery after being indicted for allegedly improperly performing work on a boiler, resulting in the death of a family. *Hilda M.*, 2010 WL 5313755 at *1. The *Hilda M.* court found that the overlap between the civil and criminal cases "weighed heavily" in favor of a stay because the alleged wrongful conduct at issue in the civil and criminal proceedings was identical. *Id.* at *3. The court also found that the status of the criminal case compelled a stay, finding persuasive rulings of other district courts holding that where a defendant has been indicted, "the prejudice to civil plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Id.* at *4. On balance, the court found the defendant's interest in maintaining his Fifth Amendment privilege outweighed any prejudice to the plaintiffs – namely, concerns that discoverable information could be lost to time. *Id.* at *5.

Obviously, none of these cases – *Creative Consumer Concepts*, *Chamberlain*, or *Hilda M.* – squarely address the issues in this case. For one thing, Defendant Walden has only been issued a target letter; he has not been indicted and no party has pointed

---

[1] The case involved an asserted use of excessive force in violation of the Fourth Amendment by Albuquerque police officer Andrew Lehocky during the course of Mr. Chamberlin's arrest, after which he was charged with battery on a peace officer.

5

to an active criminal proceeding naming him as a defendant. Thus, he can promise no expedient resolution of his criminal case, which has been noted as a prerequisite to seeking a stay in these circumstances in at least two district court opinions. *See e.g.*, *Chamberlin*, 2003 WL 5313755 at *5 (60 days requested); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995) ("Plaintiffs may move to vacate the stay, however, if the criminal prosecution does not proceed within the timetable presented by defense counsel. . . ."). In this regard, the Court is concerned that there has been no action taken against Defendant Walden by the Department of Justice since his target letter issued in January 2013. Due to this fact, the Court understands and appreciates Plaintiffs' position – that granting a stay of proceedings pending resolution of any criminal case against Defendant Walden might result in an indefinite stay. As Plaintiffs correctly note, an indefinite stay would likely harm their ability to conduct discovery and prepare their case for trial. *Doc. 19* at 3. With this in mind, the Court will set a deadline by which the parties are to report back on the progress of the Defendant Walden's criminal proceedings, if there is any.

      This concern aside, relevant authority shows why it is appropriate for this Court to issue a stay of proceedings at this time. First, Defendant Walden's right to assert the Fifth Amendment will be substantially prejudiced if he is required to participate in discovery because he will be forced to decide between accepting adverse inferences in this civil case and compromising his defense in the criminal matter. Second, the allegations underlying both the civil and criminal cases at issue turn upon the same allegations of misconduct by Defendant Walden while he was working at NNMDF and,

6

in this way, they significantly overlap. Third, procedurally, this civil case is at its inception, meaning any harm to Plaintiffs' ability to litigate their case should be minimal. The Court recognizes that some of Plaintiff's allegations rely on facts that occurred from 2010-2012. *Id.* However, Plaintiffs did not file the instant lawsuit in state court until February 3, 2015, which detracts from their assertions that a stay at this juncture will prejudice their ability to prove their case. *Doc. 1-1*. Plaintiffs identify no other harm; and, such inconveniences are "the price of any stay." *Chamberlin*, 2003 WL 24130247 at *5. In other words, the Court finds any prejudice to Plaintiffs is outweighed by the potential prejudice to Defendant Walden.

Plaintiffs argue that Defendant Walden has waived his right to assert the Fifth by communicating with the other Defendants or discussing the facts of this case with a psychologist during an evaluation by the New Mexico Medical Board. *Doc. 19* at 4. Plaintiffs cite no legal authority in support of this argument and provide very little evidence to support it. Most basically, Plaintiffs have provided no firm evidence that Defendant Walden in fact communicated information to other parties that would waive his privilege. *See Doc. 19* at 4-5. [2] For his part, Defendant Walden vehemently denies ever communicating any information which would compromise the privilege and in fact states that he asserted it at all pertinent times. *Doc. 27* at 9-10. In light of these

---

[2] In support of this argument Plaintiffs attach as an exhibit Orders issued by the Board ranging from July 2013 through December 2014. *See generally Doc. 19-I*. The Board suspended Defendant Walden's medical license on July 11, 2013, Doc. 19-1 at 1-2, concluding that he violated Sections 61-6-15(D)(8), 61-6-15(D)(18), 61-6-15(D)(21), 61-5-15(D)(29) and 61-6-15(D) "as further defined in Board Rule 16-10-8-8(H)" of the New Mexico Statutes. *Id.* at 1. In its most recent Order, entered December 1, 2014, the Board revoked Defendant Walden's medical license but provided means by which he could seek reinstatement. *Id.* at 7. In reaching these findings the Board references a psychological evaluation undergone by Defendant Walden. *Id.* at 3. This is the evaluation on which Plaintiffs rely for their waiver argument. However, beyond stating that an evaluation occurred, the Board makes no indication of what occurred during it other than indicating that based on the report Defendant Walden "had substantial deficits in his ability to practice medicine" insofar as his "clinical judgment and reasoning [was deemed] inadequate." *Id.* at 5-7.

7

discrepancies in Plaintiffs' argument, the Court finds that they have failed to provide a concrete reason to deny Defendant Walden the requested stay. *See, e.g.*, *Fritsch v. First Savings Bank et al.*, CIV 01-0966 LCS/KBM, Doc. 37 at 3 (D.N.M 2001) (granting defendants' motion for a protective order because the plaintiffs provided no legal authority or substantive basis for their waiver argument).[3]

Even assuming *arguendo* that Plaintiffs' interests in proceeding with this case outweigh Defendant Walden's interest in asserting his Fifth Amendment privilege, the Court finds that a stay is appropriate pursuant to its inherent powers to manage its docket. First, the Court gives deference to the order entered by Magistrate Judge Lynch in *C.G. et al. v. Walden et al.*, CIV 15-0250, Doc. 35 MCA/WPL (D.N.M. 2015). In his order, Magistrate Judge Lynch addresses substantively similar arguments to those raised here and reaches the same result as this Court – that a stay is appropriate. Even if this Court disagreed with Magistrate Judge Lynch's rationale, which it does not, it still makes sense as a matter of efficiency to stay this case. Conflicting orders would undoubtedly raise unnecessary discovery issues and would otherwise unfairly force Defendant Walden to waive the relief granted to him by Magistrate Judge Lynch to participate in discovery in this case.

The second reason a stay is appropriate is because this case may settle in the near future. The parties in both cases have agreed to participate in a settlement conference before Magistrate Judge Lynch on March 1, 2016. *Doc. 33.* Given that this

---

[3] While the Court will not rule on this issue, it notes that assuming *arguendo* that Defendant Walden indeed made statements concerning the facts underlying this case, the analysis could go either way as to any alleged statements he made to a psychiatrist at the direction of the Board. *See generally* FED. R. EVID. 501; Rule 11-504 NMRA.

settlement conference is mere months away, it makes little sense to permit the parties to proceed with costly discovery when they might settle the case without need for it.

Relatedly, assuming that the case does not settle before Magistrate Judge Lynch, "resolution of the criminal case may (1) increase the possibility of settlement of the civil case, [or] (2) . . . reduce the scope of discovery in the civil case as the evidence gathered during the criminal prosecution can later be used in the civil action." *Hilda M.*, 2010 WL 5313755 at * 6. If the criminal case against Defendant Walden proceeds, then it may be resolved by a judgment or plea agreement. As a practical matter, either result may narrow the legal issues in this case by virtue of collateral estoppel. *See, e.g.*, *D.G. v. City of Las Cruces et al.*, CIV 14-0368 MCA/WPL, Doc. 119 (D.N.M. 2015) (finding that a defendant was collaterally estopped from contesting facts admitted in his plea agreement). Even if collateral estoppel is unavailable, the criminal proceedings will likely narrow the need for discovery in this case due to the production of substantial evidence that will either support - or disprove - the parties' claims and defenses. In other words, staying this case in deference to the criminal proceedings could result in decreased costs to all parties involved.

For similar reasons, the Court finds that the stay in this case should apply to all Defendants, not just Defendant Walden. The Court sympathizes with Plaintiffs' position that granting a stay to the other Defendants, who have no right to assert the Fifth, is unfair in principle. *Doc. 19* at 1. However, common sense dictates the opposite result. Defendant Walden is the central figure in this case, and all parties will accordingly rely on his testimony in proving their claims and defenses. In this light, a partial stay as to Defendant Walden would likely result in duplicative discovery efforts, depending on his

testimony in the criminal case. *See Trustees of Plumbers & Pipefitters*, 886 F. Supp. at 1141. Similarly, a global stay makes sense because the scope of required discovery in this case could be substantially narrowed, depending on what comes to light in the criminal proceedings. For these reasons, a global stay will serve the interest of reducing the costs associated with managing discovery, and this case as a whole, for both the parties and the Court.

## CONCLUSION

A stay in this case will promote the goals of efficiency and inexpensive resolution of civil cases as espoused by the recently restated Rule 1.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant Walden's Motion to Stay *(Doc. 13)*, is **granted**. The Court will stay proceedings in this case at least until the completion of the settlement conference before Magistrate Judge Lynch on March 1, 2016. If the parties do not settle this case at the conference, then the Court will enter an order requiring a report as to the progress of the criminal case against Defendant Walden and reassess the propriety of a stay at that time. Plaintiffs may also move the Court to lift the stay if other pertinent changes in the circumstances giving rise to this decision occur.

_____
UNITED STATES MAGISTRATE JUDGE