IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D.S., I.M., and P.M.,

      Plaintiffs,

v.                                CIV 15-0774 RB/KBM

THE GEO GROUP, INC., CORIZON, INC.,
MARK ELLIOT WALDEN, M.D., WARDEN
TIMOTHY B. HATCH and SHERRY PHILLIPS,

      Defendants.

## <u>ORDER PARTIALLY LIFTING STAY</u>

THIS MATTER is before the Court on Plaintiff's Response in Opposition to a

continuation of the discovery stay of these proceedings (*Doc. 57*), and Defendants'

Status Report (*Doc. 58*), both filed February 17, 2017. Having considered the positions

of the parties, and all pertinent authority, the Court will partially lift the stay previously

entered in this case.

**I.    Background**

The sole remaining Plaintiff in this case, I.M., alleges that Defendant Mark Elliot

Walden, M.D., examined his genitals and performed rectal exams without gloves and

without a nurse present and performed unnecessary enemas on him while Walden was

a medical provider at the Northeast New Mexico Detention Facility. *Doc. 1-1* at 1, 11-12.

These alleged acts occurred in early 2012. *Id.* On January 31, 2013, Defendant Walden

received a target letter from the United States Department of Justice ("DOJ") concerning

these and other allegations. *Doc. 13* at 2.

Plaintiffs filed this civil lawsuit in state court on February 13, 2015, and Defendants removed it to federal court on September 2, 2015. *See Doc. 1.* Thereafter, I stayed the proceedings in this case on December 18, 2015, pending resolution of the criminal investigation or further order of this Court. *See Doc. 37.* The stay was imposed out of concern for Defendant Walden's Fifth Amendment rights and also to permit the parties to take part in an early settlement conference before Magistrate Judge Lynch. *See id.* Although the conference was partially successful, the case did not settle as to Plaintiff I.M. *Doc. 41.*

On June 8, 2016, approximately seven months after entry of the stay, the Court held a joint hearing with Judge Lynch to assess whether to continue the stay entered in this case and a related case before him. *See Doc. 54* (Clerk's Minutes). At that time, the parties reported that the DOJ intended to take action against Dr. Walden within the following six months. *Id.* at 2. On that basis, I did not disturb the stay in this action.

The six-month period identified by the parties has since expired. Thus, I recently directed the parties to file status updates and their positions on continuing the stay. In their responses, the parties indicate that the DOJ investigation remains ongoing and, as of yet, no indictment has been returned. They were unable to provide any further detail. *Doc. 58* at 2.

Defendants contend that the stay should continue at least until the expiration of the five-year criminal statute of limitations, which they calculate to be July 21, 2017. *Id.* at 1. Plaintiff, on the other hand, argues that the Court should lift the discovery stay because Walden may exercise his Fifth Amendment rights in the future, regardless of the expiration of the statute of limitations. *See Doc. 57* at 1.

## II.     Analysis

A court has broad discretion to grant or deny a motion to stay proceedings

premised upon a party's assertion of the Fifth Amendment privilege. *See Creative*

*Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080–81 (10th Cir. 2009).

Importantly,

> [t]he Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1980). When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. *Keating*, 45 F.3d at 324. However, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* at 326.

*Id.* at 1080. In determining whether to issue or continue a stay, courts consider the

following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.

*C.G. et al. v. Walden et al.*, CIV 15-0250 MCA/WPL, Doc. 63 at 3 (D.N.M. June 10,

2016) (quoting *Hilda M. v. Brown*, CIV 10-2495 PAB/KMT, 2010 WL 5313755, at *3 (D.

Colo. Dec. 20, 2010)) (internal alterations omitted). The Court will address these factors

in turn.

### 1. Extent of Overlap

"The extent of overlap is the 'most important factor in ruling on a motion to stay.'"

*Hilda M.*, 2010 WL 5313755, at *3 (quoted authority omitted). Clearly, the issues in the

3

potential criminal case significantly overlap with the issues in this case. Thus, this factor weighs heavily in favor of continuing the stay, at least as to Defendant Walden.

### 2. Status of the Criminal Case

As of today, the grand jury has not indicted Defendant Walden has not indicted for alleged conduct that occurred nearly five years ago, and "it is worth noting that 'pre-indictment requests of a stay of civil proceedings are generally denied." *C.G. et al. v. Walden et al.*, CIV 15-0250 MCA/WPL, Doc. 63 at 3 (D.N.M. June 10, 2016) (quoting *Hilda M.*, 2010 WL 5313755 at *4). Accordingly, this factor weighs in favor of lifting the stay.

### 3. The Interests of Plaintiff I.M.

"Plaintiffs, of course, have an interest in the 'expeditious resolution' of their case." *Hilda M.*, 2010 WL 5313755, at *5 (citation omitted). I stayed this matter more than a year ago – well beyond the time usually necessary to complete the discovery process and prepare for trial. Yet there has been no resolution of the DOJ criminal investigation that has been ongoing for at least three years. As Plaintiff argues, with the passage of time, memories fade and relevant documents may be lost or destroyed, thereby undermining his ability to prepare his case for trial. This factor weighs in favor of proceeding to discovery.

### 4. Defendant Walden's Interests

Defendant Walden, like other defendants indicted or under investigation "ha[s] a significant interest in 'avoiding the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case.'" *Hilda M.*, 2010 WL 5313755, at *5 (citation omitted). However, as noted above, "a defendant has no absolute right

not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Creative Consumer Concepts*, 563 F.3d at 1080 (quoted authority omitted). There is no indication that any other defendant in this action intends to exercise a Fifth Amendment privilege. This factor therefore weighs in favor of continuing the stay as to Defendant Walden but lifting the stay as to the other defendants. *See C.G.*, CIV 15-0250 MCA/WPL, *Doc. 63* at 4.

### 5. Interest of the Court

"The Court has a strong interest in keeping litigation moving without unnecessary delay." *Hilda M.*, 2010 WL 5313755, at *6 (quoted authority omitted). That being said, this is not the only case involving Defendant Walden, and the Court must be cognizant of the effect lifting the stay in this case would have on those other cases. There have been no less than seventeen civil cases in this District alleging sexual abuse of inmates by Defendant Walden.[1] Eight of these cases remain pending and are stayed by the consent of the parties or due to issues relating to Dr. Walden's bankruptcy, or they are at their inception.

Only one judge has permitted discovery to proceed after Defendant Walden moved for a stay based on his Fifth Amendment Privilege: *C.G. et al. v. Walden et al.*, CIV 15-0250 MCA/WPL. In that case, Judge Lynch permitted the parties to engage in full formal discovery but prohibited any discovery as to Defendant Walden himself

---

[1] *See FM, et al. v. Walden, et al.*, CIV 13-0264 MCA/SCY; *RJ, et al. v. The GEO Group, Inc., et al.*, CIV 13-0265 WJ/SCY; *H.R., et al. v. The GEO Group, Inc., et al.*, CIV 13-0647 ACT/KBM; *J.U., et al. v. The Geo Group, Inc., et al.*, CIV 13-0968 KBM/LAM; *Musacco v. Walden, et al.*, CIV 13-1053 MV/KBM; *TG, et al v. The GEO Group, Inc., et al.*, CIV 14-0054 KG/KK; *Howard v. Corizon, Incorporated, et al.*, CIV 14-0337 JB/SCY; *Martinez v. Guadalupe County, et al.*, CIV 14-0992 JB/KK; *C.G., et al. v. Walden, et al.*, CIV 15-0250 MCA/WPL; *Sillas v. Geo Group, Inc., et al.*, CIV 15-0256 JCH/KK; *A.W. v. Walden, et al.*, CIV 15-0336 MV/KK; *Gatlin v. Corizon Medical, et al.*, CIV 15-0965 RB/KBM; *Chand v. Corizon Medical, et al.*, CIV 15-0967 WJ/LAM; *O.F. v. Walden, et al.*, CIV 16-0084 KG/GBW; *Sigala v. Walden, et al.*, CIV 16-1135 RB/WPL; *M.M. v. Guadalupe County Correctional Facility, et al.*, CIV 17-0005 SCY/KK.

except for requests for production. *See id.*, *Doc. 63* at 5. Like Judge Lynch, I find that the court's interests weigh in favor of at least a partial lifting of the stay.

### 6. The Public Interest

The public also has an interest in the expedient resolution of civil cases. *See* Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "should be construed and administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also De v. United States*, No. 16-CV-2162-CM-TJJ, 2016 WL 4919468, at *3 (D. Kan. Sept. 15, 2016) (denying a stay). However, the public also has an interest "in not needlessly expending resources on thorny legal issues that might be avoided through a temporary stay of discovery." *Urrutia v. Montoya*, CIV 16-0025 MCA/SCY, Doc. 47 at 7 (D.N.M. June 29, 2016). Here, the "temporary" stay has already exceeded its expected limited duration. Arguably, this factor weighs against continuing the stay.

### III.     Conclusion

After balancing the competing interests at stake, the Court will follow the lead of Judge Lynch and partially lift the stay to permit full formal discovery between Plaintiff and Defendants other than Dr. Walden. The Court will continue the stay insofar as discovery would request statements or testimony by Defendant Walden, at least until the criminal statute of limitations has run. The Court relies primarily on the overlap between the allegations against Defendant Walden in this case and those in the DOJ investigation, as well as the stays of discovery ordered in similar cases against Dr. Walden.

Thus, no party may depose, propound interrogatories or send requests for admission to Defendant Walden. The only discovery that the Court will allow against Defendant Walden is the submission of requests for production targeted at treatment records within Dr. Walden's control or information on his education and employment history. To the extent that Defendant Walden fears that specific requests for production may require him to invoke the Fifth Amendment, he may seek a protective order, on an expedited basis, within ten days of receiving such requests. To facilitate the discovery permitted by this Order, the Court will set a Rule 16 Initial Scheduling Conference by separate order.

Wherefore,

**IT IS THEREFORE ORDERED** that the discovery stay in this matter is lifted except as to Defendant Walden, as set forth above.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

7